**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTHONY GRAY**                                                                                          **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 4:06-CV-172-SA-EMB**

**DOLLAR GENERAL CORPORATION**                                            **DEFENDANT**

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Summary Judgment [24]. For the reasons stated below, the motion is granted.

**I. BACKGROUND**

Plaintiff, a black man, was employed by Defendant at its Indianola Distribution Facility from September 15, 2005, through November 11, 2005. Plaintiff's job entailed operating a scrubber/sweeper machine to clean the floors of the distribution facility. In addition to being generally responsible for cleaning the floors of the facility, Plaintiff was required to respond to any specific needs for the scrubber/sweeper machine.

One night after work, Plaintiff left the facility and was greeted in the parking lot by his girlfriend, a white woman. Plaintiff alleges that his immediate supervisor, Ron Free, witnessed him interacting with his white girlfriend and began to treat him differently by criticizing his work. Free denies that he witnessed the Plaintiff and his girlfriend and asserts that he was not aware the Plaintiff had a girlfriend.

Plaintiff was terminated on November 11, 2005, approximately a week after he alleges Free learned of the interracial relationship. The stated reasons for Plaintiff's termination were: (1) Plaintiff was observed sleeping on the job after failing to respond to a clean-up call; (2) Plaintiff cursed at a fellow employee; (3) Plaintiff took an unauthorized break; and (4) Plaintiff failed to

report an incident which damaged the scrubber/sweeper machine. Plaintiff denies that any of the above events occurred, and he contends that Defendant terminated him because of his interracial relationship.

Plaintiff filed the present action in the Circuit Court of Sunflower County, Mississippi, on August 29, 2006, alleging causes of action under both Title VII and 42 U.S.C. § 1981. Defendant removed to this Court on October 16, 2006, and filed its Motion for Summary Judgment on October 5, 2007, which the Court now considers.

## II. DISCUSSION

*A. Summary Judgment Standard*

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 Fed. Appx. 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows a genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2); see also State Farm

Mut. Auto. Ins. Co. v. Estate of Blanchard, 2008 U.S. Dist. LEXIS 71598, *11 (N.D. Miss. Sep. 8, 2008). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164.

### *B. Title VII and Section 1981 Discrimination*

Under Title VII it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Section 1981 entitles all persons within the jurisdiction of the United States with the same rights to enter in and enforce contracts as those enjoyed by white citizens." Taylor v. Seton-Brackenridge Hosp., 2009 U.S. App. LEXIS 21432, *6-*7 (5th Cir. Sept. 30, 2009) (punctuation omitted) (citing 42 U.S.C. § 1981). The Fifth Circuit Court of Appeals "has recognized that § 1981 and Title VII prohibit discrimination against an employee on the basis of a personal relationship between the employee and a person of a different race." Floyd v. Amite County Sch. Dist., 581 F.3d 244, 249 (5th Cir. 2009). A plaintiff may prove discrimination by direct or circumstantial evidence. Salinas, 314 Fed. Appx. at 698; Nasti v. CIBA Specialty Chems., 492 F.3d 589, 593 (5th Cir. 2007).

3

*1.    Direct or Circumstantial Evidence*

Plaintiff asserts that Free must have known about the interracial relationship, because during the week after Plaintiff's girlfriend picked him up from work, Free was overly critical of Plaintiff's work. Further, Plaintiff denies that he committed any of the infractions cited as reasons for his termination. Based on the perceived criticism from Free and the alleged falsity of the malfeasances which formed the basis of his termination, Plaintiff infers that his termination must have been because of his interracial relationship. At best, Plaintiff has offered a series of inferences which have led him to a conclusion of discrimination. Direct evidence "is evidence which, if believed, proves the fact [of discrimination] without inference or presumption." Brown v. East Miss. Elec. Power Ass'n, 989 F.2d 858, 861 (5th Cir. 1993). Thus, Plaintiff has only offered circumstantial evidence of discrimination.

*2.    McDonnell Douglas Analysis*

Title VII and Section 1981 claims based on circumstantial evidence are analyzed under the McDonnell Douglas burden-shifting evidentiary framework. Salinas, 314 Fed. Appx. at 698 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)); Fahim v. Marriott Hotel Servs., 551 F.3d 344, 350-51 (5th Cir. 2008); Roberson v. Alltel Info. Servs., 373 F.3d 647, 651 (5th Cir. 2004). First, Plaintiff is required to establish a *prima facie* case of discrimination. Deffenbaugh-Williams v. Wal-Mart Stores, Inc., 156 F.3d 581, 587 (5th Cir. 1998). The elements of an employment discrimination claim under Section 1981 are identical to the elements of an employment discrimination claim under Title VII. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). Plaintiff must show that he was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated

4

differently from others similarly situated." Carr v. Murphy Oil USA Inc., 269 Fed. Appx. 378, 378 (5th Cir. 2008) (per curiam) (citing Abarca v. Metro. Transit Auth., 404 F.3d 938, 941 (5th Cir. 2005)). The Court will assume, for purposes of addressing Defendant's motion, that Plaintiff has met his initial *prima facie* burden.

Once a plaintiff has made his *prima facie* case, the defendant then has the burden of producing a legitimate, non-discriminatory motive for the adverse employment action. Deffenbaugh-Williams, 156 F.3d at 587. The defendant's burden at this stage is merely one of production - not persuasion. Parker v. State of La. Dep't of Educ. Special Sch. Dist., 323 Fed. Appx. 321, 327 (5th Cir. 2009).

Defendant has produced the following reasons for Plaintiff's termination: (1) Plaintiff was observed sleeping on the job after failing to respond to a clean-up call; (2) Plaintiff cursed at a fellow employee; (3) Plaintiff took an unauthorized break; and (4) Plaintiff failed to report an incident which damaged the scrubber/sweeper machine. These are legitimate, non-discriminatory reasons for termination. Little v. Republic Refining Co., 924 F.2d 93, 96 (5th Cir. 1991) (poor job performance is a legitimate, non-discriminatory reason for termination).

The burden then shifts back to Plaintiff to show that Defendant's nondiscriminatory explanation is pretextual. Raggs v. Miss. Power & Light Co., 278 F.3d 463, 468 (5th Cir. 2002). Plaintiff "must put forward evidence rebutting each of the nondiscriminatory reasons the employer articulates." Wallace v. Methodist Hosp. Sys., 271 F.3d 212, 220 (5th Cir. 2001). Plaintiff may satisfy this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Little, 924 F.2d at 96 (citing Tex. Dept. Of Community Affairs v. Burdine,

450 U.S. 248, 256, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

Plaintiff first argues that an inference of pretext is appropriate in light of the alleged sequence of events. Specifically, Plaintiff alleges that Free observed him interacting with his white girlfriend and then sharply criticized his work for the next week, culminating in his termination. Therefore, Plaintiff concludes that the actual reason for his termination must be discrimination. However, Plaintiff has admitted that he has no evidence to support his allegation that Free observed him interact with his girlfriend. The sole reason Plaintiff offers for his belief that Free observed them is the assertion that Free's attitude toward him changed during the week thereafter, but the only examples of this attitude change which Plaintiff recalls are reminders from Free as to the proper operation of the scrubber/sweeper.

Plaintiff has essentially stacked one inference upon another without offering any proper summary judgment evidence. Even if Plaintiff had proper evidence to support his inferences and speculation, suspicious timing must be combined with other significant evidence of pretext for a Title VII claim to survive summary judgment. Shackelford v. DeLoitte & Touche, LLP, 190 F.3d 398, 409 (5th Cir. 1999). Plaintiff has offered no such evidence, and "speculative and unsubstantiated assertions . . . are not sufficient to create an inference of discrimination." Puryear v. Tupelo Public Sch. Dist., 1999 U.S. Dist. LEXIS 17892, *8 (N.D. Miss. Oct. 27, 1999).

Next, Plaintiff claims that Defendant's proffered explanation is unworthy of credence. Specifically, Plaintiff disputes that he actually slept on the job, cursed at a fellow employee, took an unauthorized break, and failed to report damage to his scrubber/sweeper. He argues that the falsity of the accused infractions is evidence of pretext. However, the only evidence Plaintiff offers as to the alleged falsity of the accusations is his denial. Plaintiff admits that he was accused of the

above infractions by other employees, but he claims that Free simply chose to believe their statements without hearing his side of the story. "Simply disputing the underlying facts of an employer's decision is not sufficient to create an issue of pretext." LeMaire v. Louisiana, 480 F.3d 383, 391 (5th Cir. 2007) (citing Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 899 (5th Cir. 2002) ("Merely disputing [the employer's] assessment of [the employee's] performance will not create an issue of fact.")).

"[C]orrect or not, we will not second-guess [Defendant's] decision to disbelieve [Plaintiff] absent a showing of actual [discriminatory] purpose." Harris v. Miss. Transp. Comm'n, 329 Fed. Appx. 550, 2009 U.S. App. LEXIS 16114, *16 (5th Cir. 2009) (citing LeMaire, 480 F.3d at 391). An employee's belief that an employer's decision "was motivated by discrimination, however genuinely held, is not sufficient evidence of pretext." Septimus v. Univ. of Houston, 399 F.3d 601, 610 (5th Cir. 2005).

### III. CONCLUSION

For all the reasons stated above, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Title VII and Section 1981 claims. Plaintiff conceded his state tort claim of "outrage." Therefore, the Court also grants Defendant's Motion for Summary Judgment as to it. An order consistent with this opinion shall issue on this the 24th day of November, 2009.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**