**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ANTHONY GRAY**                                                                                              **PLAINTIFF**

**v.**                                                                             **CAUSE NO.: 4:06-CV-172-SA-EMB**

**DOLLAR GENERAL CORPORATION, et al.**                                              **DEFENDANTS**

## ORDER

On November 24, 2009, the Court entered an Order granting Defendant's Motion for Summary Judgment [41]. On the same day, the Court entered a Memorandum Opinion [42] setting forth the legal basis of that decision. On March 25, 2010, Defendant filed its Motion for an Entry of Judgment [43], requesting that the Court enter a separate order of final judgment pursuant to Rule 58.

Rule 58 provides, in pertinent part, that "[e]very judgment and amended judgment must be set out in a separate document." FED. R. CIV. P. 58(a). The term "judgment" includes "any order from which an appeal lies." FED. R. CIV. P. 54(a). "A final judgment must be (1) set forth on a separate document and (2) entered on the district court civil docket sheet." Ludgood v. Apex Marine Corp. Ship Mgmt., 311 F.3d 364, 368 (5th Cir. 2002) (citing FED. R. CIV. P. 58; Williams v. Burlington Norther, Inc., 832 F.2d 100 (7th Cir. 1987)). A judgment is final if it "conclusively determines the rights of the parties to the litigation and leaves nothing for the court to do but execute the order." Id. To be separate, a judgment must "be apart from any document detailing the court's factual findings or the legal basis of the court's ruling; it may not be part of a memorandum or opinion." Creaghe v. Albemarle Corp., 98 Fed. Appx. 972, 974 (5th Cir. 2004). The document does not have to be titled "judgment" or "final judgment." Id. (order titled a "ruling" rather than a "judgment" was a separate, final order for purposes of Rule 58).

The Court's Order of November 24, 2009 [41], clearly stated that Defendant's Motion for Summary Judgment was granted and that the case was closed. Further, it specifically referred to a separate memorandum opinion to follow. While the Order may not have been titled a "judgment," it conclusively determined the rights of the parties, left no further case or controversy, and was separate from the memorandum opinion detailing the legal and factual basis of the Court's ruling. Therefore, the Court's Order of November 24, 2009 [41], constituted a separate document for purposes of Rule 58. See Id. (district court's order granting motion for summary judgment and dismissing case satisfied Rule 58).

Accordingly, Defendant's Motion for an Entry of Judgment is denied as moot. So ordered on this, the 6th day of April, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**